IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL L. MARKS SR., | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 1:17-cv-01058-STA-egb |
| TAMMY FORD,[1] | ) ) ) | |
| Respondent. | ) | |

**ORDER DIRECTING CLERK TO MODIFY RESPONDENT, GRANTING MOTION TO DISMISS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

In April 2017, Petitioner Michael L. Marks Sr. filed a *pro se* Habeas Corpus Petition under 28 U.S.C. § 2254 (the "Petition") (ECF No. 1). He subsequently filed an Amended Petition on the Court's form (the "Amended Petition") (ECF No. 8). Before the Court is the Motion of Respondent Arvil Chapman to Dismiss the Amended Petition (ECF No. 17). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

In January 2012, Marks was sentenced to twenty-five years' imprisonment after a Shelby County jury convicted him of rape of a child. Tr. of the R., at 71–72, July 11, 2012, ECF No. 16-1. On direct appeal, the Tennessee Court of Criminal Appeals ("TCCA") affirmed the conviction, and the Tennessee Supreme Court declined discretionary review. *State v. Marks*, 2013 Tenn. Crim. App. LEXIS 376, at *2 (Tenn. Crim. App. May 3, 2013), *perm. appeal denied* (Tenn. Oct. 16, 2013).

---

[1] The Clerk is **DIRECTED** to substitute Arvil Chapman for Tammy Ford as Respondent. *See* Fed. R. Civ. P. 25(d).

On April 23, 2014, Petitioner submitted a *pro se* state post-conviction petition to prison authorities for mailing. Tr. of the R., at 18, Nov. 15, 2015, ECF No. 16-15. After appointing counsel, *id.*, at 21, the post-conviction trial court held an evidentiary hearing and denied relief. *Id.* at 29; Pet. for Post-Conviction Relief Tr., Jan. 21, 2015, ECF No. 16-16. The TCCA affirmed the trial court's decision, *Marks v. State*, 2016 Tenn. Crim. App. LEXIS 283, at *19 (Tenn. Crim. App. April 15, 2016), and Petitioner did not seek discretionary review before the Tennessee Supreme Court.

Petitioner submitted his federal Petition to prison authorities for mailing on April 3, 2017, Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, at 13, Apr. 6, 2017, ECF No. 1, and, as noted, subsequently filed an Amended Petition. Respondent has moved to dismiss the Amended Petition on the ground that this case was commenced after the limitations period expired. In a document styled "Amended 28 U.S.C. § 2254 Petition," Marks argues that Respondent has miscalculated the limitations expiration date, and that, in any event, he is entitled to traditional and "actual innocence" equitable tolling. Am. 28 U.S.C. § 2254 Pet., at 2–5, Nov. 6, 2017, ECF No. 18. But the "Amended 28 U.S.C. § 2254 Petition" focuses on addressing the issue of timeliness rather than new allegations. For example, Petitioner "realleges and incorporates" the content of his prior petitions at the outset of the document, but the rest of the document is devoted to a legal argument and supporting information. The document is substantively a response to the Motion to Dismiss, and the Court will treat it as such.

## DISCUSSION

I. **Statute of Limitations**

A section 2254 petition is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from four possible dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* But the one-year limitations period may be tolled under certain circumstances. Statutory tolling is applied during the time "a properly filed application for State post-conviction or other collateral review . . . is pending . . . ." 28 U.S.C. § 2244(d)(2). Traditional equitable tolling is warranted where the petitioner has demonstrated that he has been "pursuing his rights diligently" and that "some extraordinary circumstance stood in his way and prevented [a] timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). Lastly, a gateway claim of actual innocence will overcome the limitations period where, in light of new reliable evidence identified by the petitioner, "it is more likely than not that no reasonable juror would have convicted him." *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

## II. Petitioner's Limitations Period

In this case, § 2244(d)(1)(A) applies. Petitioner thus had one year from the date on which his conviction became final to file a section 2254 petition. Taking into account statutory tolling under 28 U.S.C. § 2244(d)(2), the last day he could timely file was March 9, 2017. The Court arrived at this date in the manner set forth below.

Petitioner appealed his conviction to the Tennessee Supreme Court but did not appeal to the United States Supreme Court. His conviction therefore became final when the time for appealing to the United States Supreme Court expired—ninety days after the Tennessee Supreme

Court denied permission to appeal. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (citing *Isham v. Randle*, 226 F.3d 691, 694–95 (6th Cir. 2000)) ("[T]he one-year statute of limitations does not begin to run until the time for filing a petition for writ of certiorari for direct review in the United States Supreme Court has expired."). Permission to appeal was denied on October 16, 2013, and ninety days from that date was January 14, 2014.

The limitations "clock" started the next day, *see id.* at 284 (citing Sup. Ct. R. 30), and then stopped on April 23, 2014, when Petitioner filed his state post-conviction petition. At that point, ninety-eight days of the limitations period had passed.

The limitations period remained statutorily tolled until the termination of the post-conviction proceedings. As noted, Petitioner did not appeal the TCCA's denial of post-conviction relief. Therefore, the post-conviction proceedings ended when his right to seek discretionary review in the Tennessee Supreme Court expired, which was sixty days after the TCCA denied relief on April 15, 2016. *See* Tenn. R. App. P. 11(b). Sixty days from April 15, 2016, was June 14, 2016.

When the limitations clock resumed running the next day, two hundred and sixty-seven days remained in the limitations period. Two hundred and sixty-seven days from June 15, 2016, was March 9, 2017. The Petition, which was submitted to prison authorities for mailing on April 3, 2017, was therefore filed twenty-five days after the limitations period expired.

Resisting this conclusion, Petitioner argues that he filed the Petition one day before the limitations period expired. In his calculation he extends the period of statutory tolling by thirty additional days on the belief that he "could have appealed to the . . . United States Supreme Court" directly from the TCCA's denial of relief. Am. 28 U.S.C. § 2254 Pet., at 2, ECF No. 18.

4

In support, he cites to Tennessee's rule that a claim is considered exhausted when a petitioner has appealed to the TCCA. *Id.* (citing Tenn. Sup. Ct. R. 39).

This argument is, however, without merit. The period in which to appeal to the United States Supreme Court never came into play because Petitioner could not have appealed the TCCA's decision directly to that Court. Under 28 U.S.C. § 1257(a)), "the United States Supreme Court . . . only has jurisdiction over those state court cases in which final judgments or decrees have been rendered 'by the highest court of a State in which a decision could be had.'" *Bronaugh*, 235 F.3d at 283 (quoting 28 U.S.C. § 1257(a)). In any event, the time in which to appeal to the United States Supreme Court from denial of post-conviction relief is never added to the period of statutory tolling. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

Accordingly, the Court finds that the Petition is untimely.

## III. Traditional Equitable Tolling

Petitioner argues that he is entitled to traditional equitable tolling for a number of reasons. He first alleges that, due to the nature of his conviction, there existed a "substantial risk of harm" to him in sharing his legal papers with the prisoners who serve as legal aides. Am. 28 U.S.C. § 2254 Pet., at 4, ECF No. 18. As he sees it, he should therefore have been given the assistance of an attorney to prepare the Petition. He also alleges that a prison legal aide mistakenly told him that he had one year from the date the TCCA denied post-conviction relief to file his Petition, and that his lack of legal and computer training, combined with "constant lockdowns" and a "2 or 3 hour[]" per week limit on library access, prevented him from filing his Petition sooner. *Id.* at 3–4.

The allegations do not support equitable tolling. The fact that Petitioner is untrained in the law is common to most prisoners and is not an extraordinary circumstance. *Cf. Allen v.*

5

*Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (holding that prisoner's lack of legal knowledge concerning a filing deadline did not support equitable tolling). In addition, the allegation that Petitioner could not risk sharing his legal papers with a prison legal aide is undermined by his concession that he did, in fact, seek and secure the help of a prison legal aide before the limitations period expired. And even assuming that the legal aide's mistaken advice is an extraordinary circumstance, Petitioner has not shown that he diligently sought to confirm the advice or to research the limitations issue himself during the two hundred and sixty-seven days following termination of his state post-conviction proceedings. *Cf. Patterson v. Lafler,* 455 F. App'x 606, 610–11 (6th Cir. 2012) (holding that attorney's error did not warrant equitable tolling in the absence of a showing of petitioner's diligence).

Moreover, Petitioner's reference to "constant lockdowns" is too general. It fails to apprise the Court of the exact timeframes of the lockdowns, the limitations on library access during the lockdowns, and Petitioner's diligence in getting his Petition prepared and filed despite the lockdowns. Petitioner also fails to explain how two to three hours of library access per week, over the course of the one-year limitations period, left him unable to prepare and file the Petition on time.

The Court therefore finds that Petitioner has failed to show that traditional equitable tolling is warranted.

## IV. Actual Innocence Tolling

Petitioner has not pointed to any new evidence demonstrating that he is actually innocent of the crime of rape of a child. He therefore has not alleged a gateway claim of actual innocence. *See e.g., Harvey v. Jones*, 179 F. App'x 294, 299 (6th Cir. 2006) ("Because he has no new evidence . . . to demonstrate that he is factually innocent of the crime for which he was

convicted, [Petitioner] has not established that he is entitled to equitable tolling based on actual innocence.").

For all of these reasons, the Amended Petition is **DISMISSED** as untimely.

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)–(3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252–53 (6th Cir. 2017) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Amended Petition. Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). But Rule 24(a) also provides that if the district court certifies that an appeal

would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reasons it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore **DENIED**.

## **CONCLUSION**

For the foregoing reasons, the Amended Petition is **DISMISSED** as untimely. The Court further **DENIES** Petitioner a certificate of appealability and **CERTIFIES** that an appeal in this matter would not be taken in good faith. As a result, leave to appeal *in forma pauperis* is also **DENIED**.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: August 23, 2018.